**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4854**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

FURMAN JONES, JR.,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Anderson. Henry M. Herlong, Jr., Senior District Judge. (8:12-cr-00024-HMH-3)

_____

Submitted: April 26, 2013          Decided: May 2, 2013

_____

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

_____

Dismissed in part, affirmed in part by unpublished per curiam opinion.

_____

Jessica Salvini, SALVINI & BENNETT, LLC, Greenville, South Carolina, for Appellant. Andrew Burke Moorman, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Furman Jones, Jr., pled guilty in accordance with a written plea agreement to conspiracy to distribute and to possess with intent to distribute 1000 kilograms or more of marijuana and five kilograms or more of cocaine, 21 U.S.C. §§ 841(a)(1), 846 (2006). Jones was sentenced to thirty months in prison. He now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the sentence is reasonable but stating that there are no meritorious issues for appeal. Jones has filed a pro se supplemental brief suggesting that his guilty plea was invalid and that counsel was ineffective.

The United States has moved to dismiss the appeal based on Jones' waiver in his plea agreement of his right to appeal. Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 proceeding, we conclude that Jones knowingly and voluntarily[1] waived his right to appeal his

---

[1] In his informal brief, Jones contends that his guilty plea and plea agreement are invalid because counsel misinformed him about the sentence he would receive. At his Fed. R. Crim. P. 11 hearing, Jones swore that: he understood the penalties he faced; he was satisfied with his attorney; his plea was not the result of threats or coercion; and he understood his plea agreement, which identified the penalties for his offense. There is no compelling evidence to contradict these statements. Accordingly, Jones' unsupported claim that he was misinformed about the sentence he faced provides no reason to invalidate the guilty plea and plea agreement. See Blackledge v. Allison, 431 (Continued)

conviction and sentence, with the exception of claims of ineffective assistance of counsel and prosecutorial misconduct. Jones' claim that his sentence is unreasonable falls squarely within the scope of the waiver.[2]  Accordingly, we grant the motion to dismiss insofar as Jones seeks to challenge the reasonableness of his sentence.

In accordance with Anders, we have reviewed the entire record for non-waivable meritorious issues and have found none. We therefore affirm with respect to all issues not encompassed by the waiver of appellate rights.

This court requires that counsel inform Jones, in writing, of his right to petition the Supreme Court of the United States for further review.  If Jones requests that such a petition be filed, but counsel believes that the petition would be frivolous, then counsel may move in this court for leave to

---

U.S. 63, 74 (1977); United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

[2] To the extent that Jones claims in his informal brief that counsel was ineffective for misinforming him about the sentence he would receive, the claim is not cognizable because ineffectiveness does not conclusively appear on the face of the record.  See United States v. Benton, 523 F.3d 434, 435 (4th Cir. 2008).

withdraw from representation.  Counsel's motion must state that a copy of the motion was served on Jones.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>
